UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CHASE RICHARD CALDWELL )
)
    Plaintiff, )
)
v. ) CIVIL NO. 2:16cv189
)
MICHELLE KODICEK and )
RONALD CHAPMAN, )
)
    Defendants. )

OPINION AND ORDER

This matter is before the court on a motion to dismiss, filed by the defendants Michelle Kodicek ("Kodicek") and Ronald Chapman ("Chapman"), on July 1, 2016. The plaintiff, Chase Richard Caldwell ("Caldwell"), proceeding *pro se*, has not filed a response. On August 29, 2016, this court entered an order advising Caldwell, pursuant to *Lewis v. Faulkner*, of his obligation to respond to the motion to dismiss and informing him that a response should be filed by September 12, 2016. Caldwell has still not filed a response.

For the following reasons, the motion to dismiss will be granted.

Discussion

In support of their motion, the defendants recite that the relevant facts alleged in the Amended Complaint are that on August 23, 2011, Valparaiso Police Officer Michelle Kodicek followed a vehicle in which Caldwell was a passenger, signaled it to stop, approached the vehicle and asked him to exit, whereupon he was arrested on a warrant for conspiracy to deal a narcotic drug, cocaine. Caldwell was handcuffed by an unknown police officer who escorted him into the squad car of Valparaiso Police Officer Ronald Chapman, who then drove him to the Porter County Jail where he was held for 46 days. The record shows that Caldwell pleaded guilty to and

was sentenced on the charge of possession of a narcotic drug, a D felony, as a result of his arrest. The original charge of conspiracy to commit dealing in a narcotic drug, a Class B felony, and forgery, a Class C felony, were dismissed pursuant to the plea agreement.

On May 24, 2016, Caldwell filed his *pro se* Complaint on a 42 U.S.C. § 1983 Complaint form, alleging that on August 23, 2011, Kodicek violated his Fourteenth Amendment rights when she unlawfully stopped the car in which he was riding, arrested and handcuffed him, and transported him to the Porter County Jail.

On May 27, 2016, Caldwell moved for leave to amend his complaint which the Court granted on June 1, 2016. On June 3, 2016, Caldwell filed his Amended Complaint adding Officer Chapman as a defendant and alleging that both Kodicek and Chapman violated his Fourth, Eighth, and Fourteenth Amendment Rights when they stopped and arrested him on August 23, 2011. The Plaintiff brought his claim under 42 U.S.C. §14141 in addition to §1983.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *Barnes v. Briley*, 420 F. 3d 673,677 (7th Cir. 2005). However, if the plaintiff provides additional facts in his Complaint beyond a short and plain statement of his claims, the plaintiff cannot prevent the defendant from suggesting that those same facts demonstrate the plaintiff is not entitled to relief. *Thompson v. Ill Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Thus, "if a plaintiff pleads facts which show he has no claim, then he has plead himself out of court." *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). When the basis for dismissing a case pursuant to an affirmative defense is apparent from the Complaint, dismissal can be proper. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008).

The defendants argue that Caldwell's claims are barred by the statute of limitations. Defendants point out that Caldwell's Amended Complaint states that the alleged misconduct by the two officers occurred on August 23, 2011, when he was arrested and transported to the Porter County Jail. Caldwell filed his Complaint pursuant to 42 U.S.C. § 1983 on May 24, 2016, more than two years after the incident.

Federal courts must apply the statute of limitations for personal injuries in the state where the incident occurred when attempting to determine the timeliness of a civil rights claim. *Wilson v. Garcia*, 105 S.Ct. 1938 (1985) (Section 1983 lawsuits are most properly characterized as torts, and the state's statute of limitations is applicable in cases brought in federal courts); *Dinger v. City of New Albany*, 668 F. Supp 1216 (S.D. Ind. 1987). Indiana has a two-year statute of limitations for personal injury actions. Ind. Code § 34-11-2-4. Because Caldwell's claims were filed more than two years after the events alleged in the Amended Complaint, his claims under § 1983 are barred by the statute of limitations. *Hill v. Trustees of Indiana University*, 537 F.2d 248 (7th Cir. 1976).

Defendants also point out that Caldwell's claims are barred even if the additional 46 days that he spent in jail is added to his August 23, 2011, arrest date under a theory of the "continuing violation" doctrine. The continuing violation doctrine has been applied to §1983 suits, *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001), and "allows a complainant to obtain relief for a time-barred act . . . by linking it with acts that fall within the statutory limitations period," *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). In the present case, Caldwell's claims for Fourth and Fourteenth Amendment violations all arose from his arrest and detention on August 23, 2011. However, even by extending the date of the violations by the 46

days that he spent in jail, the Complaint was still filed more four years after that extended date.

Caldwell also alleges that an Eighth Amendment violation for cruel and unusual punishment occurred because he was in jail for 46 days. However, because he was a pre-trial detainee, this claim arises under the Fourteenth Amendment, not the Eighth. Again, even if the 46 days are added to extend the date of filing, the Complaint was still not filed within two years of that extended date. It must also be noted that this not a case, as in *Heard*, where the detainee is alleging an Eighth Amendment violation for the deliberate indifference to the serious medical needs by denial of medical treatment. In such cases, the courts allow for an extension of the limitations period for "[e]very day that [a defendant] prolonged [a prisoner's] agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew." *Heard*, 253 F.3d at 318-20. Caldwell makes no such claims here, and the limitations period cannot be extended under that theory. Even if his claims were interpreted to be some sort of denial of medical care claim, Caldwell did not file his claim within two years of the end of his incarceration, and thus suffers dismissal on that basis.

Clearly, Caldwell's claims arising from his arrest and incarceration are barred by the statute of limitations and, accordingly, they will be dismissed.

Next, the defendants argue that Caldwell has failed to state a claim of a pattern or practice of depravation of rights. As noted, Caldwell also claims a violation under 42. U.S.C.§14141(a) and (b). This statute provides for claims based upon a pattern or practice of the defendants in depriving persons of rights, privileges or immunities secured or protected by the Constitution or laws of the United States. However, Caldwell only alleges an arrest by Officers Kodicek and Chapman and makes no claims of a policy or practice of engaging in false arrests. Even the most

liberal reading of Caldwell's Amended Complaint reveals that it does not contain any facts or inferences that support a claim that the defendants herein were acting pursuant to an unconstitutional policy. Accordingly, the court holds that Caldwell has failed to state a claim upon which relief can be granted under 42 U.S.C. §14141.

## Conclusion

On the basis of the foregoing, defendants' motion to dismiss [DE 25] is hereby GRANTED.

Entered: October 18, 2016.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court